M. P. MOORE *v.* LEWIS MOORE'S ADMR. ET AL.

**Laches—Non-assertion of Mortgage.**
A holder of a mortgage, who for 10 or 12 years is cognizant of a suit in relation to the property mortgaged, and does not appear and present his claim for adjudication, is held guilty of laches.

**Descent and Distribution—Sale of Interest to Pay Debts of Devisee.**
Where a devisee, who desires his debts paid, part of which is due the administrator, it should be done as far as practicable out of the personal assets descending to him, out of the estate, and not by an allowance for same of a set-off against the estate.

APPEAL FROM ESTILL CIRCUIT COURT.

April 26, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By the amended report of the commisisoner, filed June 20, 1860, it appears that the interest of M. P. Moore in his deceased ·father's estate was sold subject to the debts due from him to E. L. Cockrell in his own right and as administrator of Lewis Moore, deceased. By the former report it appeared that Andrew Shepherd purchased the interest in the personal estate at sixty cents, that H. Moore purchased his interest in the negro slave at $50, and Cockrell purchased his interest in the land at $485; amounting to the gross sum of $535.60, which paid all the debts of Cockrell against M. P. Moore in his own right and as administrator save the one for $150 and entitled it to a credit of $46.84. Two former judgments having been reversed by this court, it is now here for the third time.

As the mortgage by M. P. Moore to Stockton and Curtis was made in the year 1854, and they have been apprised of this protracted litigation, beginning in March, 1854, and have .not presented their claims under the mortgage and neither party has seen proper to bring them before the court, it must be presumed they have either been satisfied or abandoned their mortgage, at

least the judgment could not be reversed because this mortgage claim was not adjudicated.

There are two errors, however, to be corrected, which, when made, it is fondly hoped will end this protracted, vexatious and unprofitable litigation. As Cockrell was the administrator of Lewis Moore, deceased, and had in his hands the interest of M. P. Moore in the personal assets and slave and as at his instance and to pay his debts this interest was sold subject thereto, the amount not paid on his debts should have been made so far as practicable out of the personal assets and the slave, and not allowed as a deduction on M. P. Moore's claim for improving the land for which his father had given him a parol lease for twenty years, until these interests had been found insufficient.

The attorney, under the act of January 26, 1866, Myers Supplement, 685, had a lien upon this chose in action of M. P. Moore against the estate of his deceased father which could not be defeated by any debt personally due Cockrell, as he neither had a mortgage nor attachment lien thereon, and its postponement to the remainder of his claim not satisfied by the commissioner's sale was also erroneous.

For these two errors alone the judgment is reversed, with directions to the court to correct them according to the principles herein indicated.

*Turner,* for appellant.

*Burnam,* for appellee.